**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>STATE OF ILLINOIS et al.,<br><br>        Defendants. | No. 3:25-cv-02220-DWD<br><br>Honorable David W. Dugan |

**<u>DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS</u>**

KWAME RAOUL
Illinois Attorney General

Darren Kinkead
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, IL 60603

## TABLE OF AUTHORITIES

**Cases**

*Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*,
  458 U.S. 592 (1982)................................................................................................ 1, 4

*Bivens v. Six Unknown Federal Narcotics Agents*,
  403 U.S. 388 (1971) .................................................................................................. 3

*Bryant v. Compass Group USA, Inc.*,
  958 F.3d 617 (7th Cir. 2020) .................................................................................... 1

*California v. Texas*,
  593 U.S. 659 (2021) .................................................................................................. 4

*Colby v. J.C. Penney Co.*,
  811 F.2d 1119 (7th Cir. 1987) .................................................................................. 4

*Egbert v. Boule*,
  596 U.S. 482 (2022) .................................................................................................. 3

*Fausett v. Walgreen Company*,
  --- N.E.3d ----, 2025 IL 131444 .......................................................................... 2, 3

*Haaland v. Brackeen*,
  599 U.S. 255 (2023)................................................................................................... 5

*Homola v. McNamara*,
  59 F.3d 647 (7th Cir. 1995)....................................................................................... 5

*Illinois Bell Telephone Co. v. Ames*,
  4 N.E.2d 494, 364 Ill. 362 (1936)............................................................................. 3

*In re Estate of Schlenker*,
  808 N.E.2d 995, 209 Ill. 2d 456 (2004) .................................................................... 1

*Indiana Right to Life Victory Fund v. Morales*,
  66 F.4th 625 (7th Cir. 2023)...................................................................................... 5

*People v. Johnson*,
  182 N.E.3d 728, 2021 IL 125738............................................................................... 3

*Petta v. Christie Business Holdings Company, P.C.*,
  267 N.E.3d 904, 2025 IL 130337............................................................................... 3

*Resolution Trust Corp. v. Ruggiero*,
    987 F.2d 420 (7th Cir. 1993) ............................................................................. 5

*Rosenbach v. Six Flags Entertainment Corporation*,
    129 N.E.3d 1197, 2019 IL 123186 ..................................................................... 1

*Satanic Temple, Inc. v. Rokita*,
    163 F.4th 1061 (7th Cir. 2026) ........................................................................... 5

*Todd v. Société Bic S.A.*,
    21 F.3d 1402 (7th Cir. 1994) ............................................................................... 3

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021) ............................................................................................. 3

*United States v. Texas*,
    566 F. Supp. 3d 605 (W.D. Tex. 2021) ............................................................... 4

*United States v. Texas*,
    No. 21-50949, 2021 WL 4786458 (5th Cir. Oct. 14, 2021) ................................ 4

*Wilson v. Tromly*,
    89 N.E.2d 22, 404 Ill. 307 (1949) ...................................................................... 1

**Statutes**

15 ILCS 205/4 ............................................................................................................. 4

705 ILCS 96/10-20 ...................................................................................................... 5

705 ILCS 96/10-25 ...................................................................................................... 2

725 ILCS 5/122-1 ........................................................................................................ 2

740 ILCS 16/5-10 ..................................................................................................... 2, 5

740 ILCS 16/5-15 ........................................................................................................ 3

815 ILCS 5/11 .............................................................................................................. 3

815 ILCS 120/5 ............................................................................................................ 3

815 ILCS 505/7 ............................................................................................................ 3

**Rules**

Ill. S. Ct. R. 304 ........................................................................................................... 5

**Other Authorities**

*Restatement (Second) of Torts* § 902................................................................................ 4

The federal government fails to establish standing to challenge the Bivens Act or Court Act, which create private causes of action that neither the Governor, Attorney General, nor any other state official are explicitly authorized to enforce. The federal government does not deny that the Court lacks subject-matter jurisdiction to enjoin Illinois judges from adjudicating Bivens Act or Court Act claims brought by third parties. Instead, it spins the wheels on a new theory: the Court can still consider its pre-enforcement challenges, it insists, because the Governor, Attorney General, and other state officials might assert *their own claims* under the statutes. But litigants can assert claims under the Bivens Act and Court Act only if they have suffered an actual injury.

Of course, any Bivens Act or Court Act claims brought in federal court must satisfy Article III's actual injury requirement. *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 620-22 (7th Cir. 2020); *see Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592, 601 (1982) (harm to a state's sovereign interests may be an actual injury for Article III purposes). An actual injury is also required for Bivens Act and Court Act claims brought in Illinois courts.

Under state standing law, the legislature has two options when it creates a cause of action. First, it can specify "who shall sue, and the conditions under which the suit may be brought." *Wilson v. Tromly*, 89 N.E.2d 22, 24, 404 Ill. 307, 310 (1949). A person who satisfies those requirements has "statutory standing" and may be able to pursue a claim even if she is not suffering an actual injury traceable to the defendant that is redressable by the requested relief. *In re Estate of Schlenker*, 808 N.E.2d 995, 1000, 209 Ill. 2d 456, 464-65 (2004). The Biometric Information Privacy Act, for example, creates a claim for "[a]ny person aggrieved by a violation of" the statute. 740 ILCS 14/20(a). Because "aggrieved" "simply 'means having a substantial grievance,'" a person may sue under the statute without suffering "actual damages." *Rosenbach v. Six Flags Entertainment Corporation*, 129 N.E.3d 1197, 1205, 2019 IL 123186, ¶ 30.

1

A different rule governs when the legislature creates a cause of action but is "silent as to who may bring" it. *Fausett v. Walgreen Company*, --- N.E.3d ----, 2025 IL 131444, ¶ 44. A cause of action created under these circumstances "does not implicate statutory standing principles"; rather, the familiar doctrine of "common-law standing applies." *Id.* Common-law standing requires the plaintiff to have suffered an "injury, whether actual or threatened," that is "(1) distinct and palpable; (2) fairly traceable to the defendant's actions; and (3) substantially likely to be prevented or redressed by the grant of the requested relief." *Id.* ¶ 39 (cleaned up).

In sum, a plaintiff pursuing a statutory claim must have suffered an actual injury (common-law standing) unless the legislature specifies otherwise (statutory standing).

Turn now to the Court Act cause of action. Like the statute at issue in *Fausett*, the Court Act is silent about who may pursue a cause of action: it simply says that "[a] person who violates Section 10-15 or 10-20 of this Act is liable for civil damages for false imprisonment" under some circumstances. 705 ILCS 96/10-25(a). That means a plaintiff who brings a Court Act cause of action must satisfy all the requirements for common-law standing (including actual injury).

The Bivens Act cause of action works the same way. To be sure, the legislature said here that "[a]ny person may bring a civil action against" an official "conducting civil immigration enforcement" who "knowingly engages in conduct that violates the" constitution. 740 ILCS 16/5-10(a). But it does not appear that the Illinois Supreme Court has ever held that the phrase "any person" in this context establishes the legislature's intent to dispense with *all* standing requirements (both statutory and common law) and allow *everyone* to sue. To the contrary, the court's statutory-standing cases are limited to circumstances where the legislature goes further and delineates a specific category of people who may sue: for example, "any person *imprisoned in the penitentiary*," 725 ILCS 5/122-1(a) (emphasis added), in which case the plaintiff's

2

standing "depends" solely "on whether he fulfilled the statutory condition of being 'imprisoned in the penitentiary,'" *People v. Johnson*, 182 N.E.3d 728, 736, 2021 IL 125738, ¶ 32.

The better reading of Illinois law is that, when a statute says "any person" may file suit without further elaboration, the legislature has not established any "'statutory conditions to sue.'" *Fausett*, 2025 IL 131444, ¶ 39. Put differently, the phrase "any person," on its own, does not clearly indicate the legislature's intent to override the de facto requirements of common-law standing (including actual injury). *E.g.*, *Petta v. Christie Business Holdings Company, P.C.*, 267 N.E.3d 904, 909, 2025 IL 130337, ¶ 18. "When given a choice between an interpretation of Illinois law which reasonably restricts liability, and one which greatly expands liability, [federal courts] should choose the narrower and more reasonable path (at least until the Illinois Supreme Court [says] differently)." *Todd v. Société Bic S.A.*, 21 F.3d 1402, 1412 (7th Cir. 1994) (en banc).

Regardless, the text of the Bivens Act plainly requires that a plaintiff has suffered an actual injury caused by the alleged constitutional violation. For one thing, only the "relief available at common law is available under" the Bivens Act. 740 ILCS 16/5-15(a); *see, e.g.*, *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424-30 (2021) (common law causes of action generally required concrete harm). For another, the Bivens Act omits the explicit language that the Illinois legislature usually enacts when it authorizes the Attorney General (or another state official) to sue on behalf of third parties. *E.g.*, 815 ILCS 5/11(I)(2); 815 ILCS 120/5(c); 815 ILCS 505/7(a). If more is needed, consider the title of the Bivens Act. *See, e.g.*, *Illinois Bell Telephone Co. v. Ames*, 4 N.E.2d 494, 496, 364 Ill. 362, 365 (1936) (endorsing this practice). It refers to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), which "authorized a *damages* action against federal officials" who violate the Fourth Amendment. *Egbert v. Boule*, 596 U.S. 482, 486 (2022) (emphasis added); *see Restatement (Second) of Torts*

3

§ 902 ("'Damages' means a sum of money awarded to a person injured by the tort of another.").

The federal government does not allege that the Governor, Attorney General, or any other Illinois official has suffered an actual injury caused by an alleged violation of the Bivens Act or Court Act. So it has not shown that an Illinois official is authorized to sue under those statutes. And (switching gears from the standing rules governing Bivens Act and Court Act claims to the standing rules governing this litigation) it follows that the federal government has not shown that its purported injury (being sued under the Bivens Act or Court Act) is traceable to Illinois officials (who cannot sue under those statutes) or can be redressed by enjoining Illinois officials from filing suit (something they cannot do in any event). *California v. Texas*, 593 U.S. 659, 669-73 (2021); *see id.* at 672 ("like suits for every other type of remedy, declaratory-judgment actions must satisfy Article III's case-or-controversy requirement").

In the alternative, the federal government speculates that the Attorney General might be able to bypass the Bivens Act and Court Act's actual injury requirements. But it does not explain how he could satisfy the additional requirements necessary to pursue claims under the identified sources of authority. *See Snapp*, 458 U.S. at 610 n.16 (limits on *parens patriae*); 15 ILCS 205/4 (second) (claims must be "necessary in the execution of the duties of any State officer").

The federal government points to the district court's opinion granting a preliminary injunction in *United States v. Texas*, 566 F. Supp. 3d 605, 643 (W.D. Tex. 2021). That court did not cite any authority for its assertion that a state causes an injury simply by enacting a law—which is at odds with precedent. *See Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1122-23 (7th Cir. 1987) (out-of-circuit decisions may be followed only if persuasive). Perhaps that's why the Fifth Circuit quickly stayed the injunction. No. 21-50949, 2021 WL 4786458 (5th Cir. Oct. 14, 2021).

Three final points. To establish standing for a pre-enforcement action like this one, "a

plaintiff must show that the [challenged] statute at least 'arguably' covers their desired conduct." *Indiana Right to Life Victory Fund v. Morales*, 66 F.4th 625, 630 (7th Cir. 2023). The Bivens Act applies only to officials "conducting civil immigration enforcement" who "knowingly engage[ ] in conduct that violates the" constitution. 740 ILCS 16/5-10(a). Yet the federal government does not attempt to show that the Bivens Act arguably covers its immigration officials' conduct.

As for the Court Act, it not only creates a cause of action but also authorizes judges to "issue appropriate judicial orders to protect the privilege from arrest." 705 ILCS 96/10-20. Citing a case that concerns a court clerk and administrator (not a judge), the federal government contends that judges issuing section 10-20 orders are acting in their administrative capacities because those orders cannot be appealed. But, as defendants explained, section 10-20 orders are analogous to the contempt findings historically used to enforce the privilege against courthouse arrests—and judges who make contempt findings are not acting as administrators. *E.g.*, *Homola v. McNamara*, 59 F.3d 647, 649, 651 (7th Cir. 1995). Plus, contempt findings *are* appealable. *Resolution Trust Corp. v. Ruggiero*, 987 F.2d 420, 421 (7th Cir. 1993); Ill. S. Ct. R. 304(b)(5).

Finally, enjoining Illinois officials from filing Bivens Act or Court Act claims would not redress the federal government's alleged harm (which it describes as the mere threat of a suit). That's because those claims would remain available to everyone else. This includes the many Illinois residents who *have* been injured by immigration enforcement efforts like Operation Midway Blitz. As long as those third parties can sue, the Court cannot grant the federal government any effective relief in this litigation. *E.g.*, *Satanic Temple, Inc. v. Rokita*, 163 F.4th 1061, 1072 (7th Cir. 2026); *see Haaland v. Brackeen*, 599 U.S. 255, 294 (2023) (redressability is not "satisfied" simply because "a decision might persuade actors who are not before the court").

The federal government's claims should all be dismissed.

5

Dated: May 8, 2026

Respectfully submitted,

 /s/ Darren Kinkead
Darren Kinkead
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, IL 60603
(773) 590-6967
Darren.Kinkead@ilag.gov